```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                         :
DALVON MCLEOD, ET AL.,                   :    CASE NO. 1:15-CV-00368
                                         :
          Plaintiffs,                    :
                                         :
v.                                       :    OPINION & ORDER
                                         :    [Resolving Doc. Nos. 28, 30, & 32]
JUST ENERGY MARKETING CORP.,             :
ET AL.,                                  :
                                         :
          Defendants.                    :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Dalvon McLeod, Peter Gordon, and Timothy Joiner file a motion for leave to amend their complaint to add Rebecca Joiner ("Joiner") as a party plaintiff.[1] Defendants do not oppose adding Joiner.[2]

Plaintiffs also ask the Court to equitably toll the statute of limitation for Joiner's Fair Labor Standards Act ("FLSA") claims from February 26, 2015. The original complaint and Joiner's opt-in consent to a proposed collective action were both filed on that date.[3] Defendants oppose such equitable tolling of Joiner's claims.[4]

For the following reasons, the Court **GRANTS** Plaintiffs' motion to add Joiner and **GRANTS** Plaintiffs' request for equitable tolling of Joiner's claims from the date Joiner filed the opt-in consent form.

## I. Procedural History

On February 26, 2015, Plaintiffs filed a complaint. On the same day, Joiner filed a consent

---

[1] Doc. 28.
[2] Doc. 30.
[3] Doc. 1; Doc. 2.
[4] Doc. 30.

-1-

Case No. 1:15-CV-00368
Gwin, J.

to participate in the litigation ("opt-in"). With their complaint, Plaintiffs alleged violations of the FLSA, Ohio Minimum Fair Wage Standards Act, and the Maryland Wage and Hour Law.[5] Plaintiffs sought to recover unpaid overtime and minimum wages as a collective action under the FLSA and as class actions for their state law claims.

On June 25, 2015, Court dismissed Plaintiffs' state law claims and FLSA collective action claims but held that Plaintiffs could proceed in their individual capacities.[6] On July 24, 2015, Plaintiffs requested leave of the Court to add Joiner, since Joiner could no longer proceed as an opt-in Plaintiff.

Defendants do not oppose adding Joiner as a party plaintiff. However, the parties dispute what date should control Joiner's statute of limitations for damage purposes. Plaintiffs argue that Joiner can claim damages within at least two years[7] of February 26, 2015, the date Joiner filed the opt-in form. Defendants argue that Joiner can claim damages within two years of July 24, 2015, the day of the amended complaint.

The Court finds that Joiner is entitled to equitable tolling of the statute of limitation on Joiner's claims starting on the day Joiner filed her opt-in form, February 26, 2015.

## II. Discussion

The Sixth Circuit has identified a non-exhaustive list of five factors for a District Court to consider when deciding whether to equitably toll the statute of limitation in a particular case.[8] These factors include, "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the

---

[5] Doc. 1, at 3.
[6] Doc. 27, at 10.
[7] *See* 29 USC § 255(a).
[8] *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). ("This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases.").

Case No. 1:15-CV-00368
Gwin, J.

filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement."[9] Because the decision to grant or deny equitable tolling is done on a case-by-case basis,[10] the Court will look at the relevant factors and apply them to the current dispute.

The pleadings in this case indicate that Plaintiff Joiner was aware of her rights and the legal requirements for entering into a FLSA collective action. She joined the current litigation while it was a putative collective action when she filed an opt-in form the same day that the original complaint was filed. Therefore, factors 1, 2, and 5 are not relevant to this dispute, as those factors deal with equitable tolling when a litigant has failed to comply with a filing or legal requirement. Factors 3 and 4 deal with Joiner's diligence in pursuing her rights as a Plaintiff and the potential prejudice to Defendants that tolling Joiner's statute of limitations might have. These factors are relevant to the decision to grant equitable tolling.

Joiner has been diligent in pursuing her rights since she filed her opt-in notice in February of 2015. Defendants argue that choosing to file an opt-in, rather than join the litigation as a named Plaintiff was a "calculated, strategic misstep"[11] that should stop Joiner from claiming damages for the period otherwise available if she had filed as a named plaintiff. On the contrary, Joiner was entitled to file an opt-in notice to become a member of the putative collective action in this case. Filing the opt-in form was a diligent pursuit of her rights.

When the Court dismissed Plaintiffs' collective action claims on June 25, 2015, Joiner could no longer participate as an opt-in Plaintiff. The dismissal of the collective action claims was out of

---

[9] Truitt v. Cnty. of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).
[10] Id.
[11] Doc. 30, at 2.

-3-

Case No. 1:15-CV-00368
Gwin, J.

Joiner's control. Allowing the defeat of Joiner's claims due to circumstances out of her control would be unjust.[12]

After the dismissal and within a month, Plaintiffs filed a motion to add Joiner as a Plaintiff. The collective action claims were dismissed rather than decertified, but that does not make a difference in deciding whether Joiner pursued her claims in this case. The Court finds that Joiner diligently pursued her rights under the FLSA.

Defendants are not prejudiced by equitably tolling Joiner's statute of limitations. Defendants have been aware of Joiner's claims since the day Plaintiffs commenced this litigation. Therefore, the claims and defenses have not grown stale,[13] nor has the case "been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."[14] Defendants have been able to investigate and defend against Joiner's claims to the same extent as the other Plaintiffs' claims.

Defendants knew that this suit commenced as a collective action under the FLSA and were aware of the "scope of potential liability."[15] The collection action does not affect Defendants' defense of Joiner's claims or the scope of their liability. Defendants are not prejudiced by the equitable tolling of Joiner's statute of limitations from February 26, 2015, the date Joiner opted-in to the litigation.

Without equitable tolling, Joiner could likely only claim damages under the FLSA from July 24, 2013—two years prior to filing the amended complaint—until September 2013, when Joiner

---

[12] *See* Struck v. PNC Bank N.A., 931 F. Supp. 2d 842, 847 (S.D. Ohio 2013) (tolling FLSA statute of limitations when potential Plaintiffs missed filing deadline due to circumstances outside of their control); *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181–82 (D. Colo. 2012) ("[A]llowing Opt-in Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust.").

[13] *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 829 (S.D. Ohio 2007).

[14] *Id.* (quoting *American Pipe and Construction v. Utah,* 414 U.S. 538, 561 (1974)).

[15] *Id.*

-4-

-5-

Case No. 1:15-CV-00368
Gwin, J.

stopped working for Defendants. Joiner can now claim damages from the full period of her employment, which started in April 2013. This is the period Joiner would have been able to claim had Joiner been able to proceed as an opt-in plaintiff. The Court finds that in light of Joiner's diligence in pursuing her claims and the lack of prejudice to Defendants, the statute of limitations for Joiner's claims should be tolled from the day she opted-in to the litigation.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to add Joiner as a party Plaintiff and **GRANTS** Plaintiffs' request for equitable tolling of Joiner's claims from February 26, 2015, the date Joiner filed the opt-in consent form.

IT IS SO ORDERED.


Dated: August 27, 2015                                s/        *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE